IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
HSI ELECTRIC, INC.,           ) CIVIL NO. 05-00705 SOM-KSC
                              )
          Plaintiff,          ) FINDINGS AND
                              ) RECOMMENDATION THAT
    vs.                       ) DEFAULT JUDGMENT BE
                              ) ENTERED
                              )
HUNTCO, LLC,                  )
                              )
          Defendant.          )
                              )
_____)
```

FINDINGS AND RECOMMENDATION THAT
DEFAULT JUDGMENT BE ENTERED

On June 30, 2006, Plaintiff HSI Electric, Inc. ("Plaintiff") filed a Motion for Default Judgment ("Motion") against Defendant Huntco, LLC ("Defendant"). On June 30, 2006, District Judge Susan Oki Mollway referred Defendant's Motion to this Court.  The matter came on for hearing on July 31, 2006.  Harvey J. Lung, Esq. appeared on behalf of Plaintiff.  No appearance was made on behalf of Defendant.

Rule 55(a) of the Federal Rules of Civil Procedure provides in pertinent part that "[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).

Upon default, the factual allegations of the complaint, except for those related to the amount of damages, will be taken as true.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  A default judgment establishes, as a matter of law, that the facts alleged to establish liability are binding on the defaulting party.  Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)(citation omitted).

After a careful review of the Motion and the record herein, the Court FINDS and RECOMMENDS that default judgment be entered based on the following:

1. This dispute arises out of an enforceable contract pursuant to which Defendant was to furnish Plaintiff a general electric 1500 HP/900 RPM/4000V Motor for installation in the Kahe Power Plant project located in Kapolei, Hawaii ("Project").  Plaintiff alleges that it fully performed its obligations under

the contract, or was ready, willing, and able to perform such obligations.  Plaintiff alleges that Defendant failed an/or refused to provide Plaintiff with a motor that was free from defects.  Plaintiff seeks damages against Defendant arising out of its breach of contract.

    2.   Plaintiff is, and was at all times relevant, a Hawaii corporation, with its principal place of business located in the City and County of Honolulu, State of Hawaii.

    3.   Defendant is, and was at all times relevant, a limited liability company, organized under the laws of the State of Oklahoma, with its principal place of business located in the County of Tulsa, State of Oklahoma.  Defendant is neither an infant nor an incompetent person as described in Rule 55(b) of the Federal Rules of Civil Procedure.

    4.   Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332.

    5.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6.   Plaintiff filed its Complaint against Defendant on November 2, 2005.

7.   Defendant was served on November 17, 2005.

8.   On December 9, 2005, an Entry of Default was entered against Defendant.

9.   On January 31, 2006, Defendant was served via certified mail with copies of the (1) Request to Clerk for Entry of Default Against Defendant Huntco, LLC filed on December 9, 2005; and (2) Plaintiff HSI Electric, Inc.'s Scheduling Conference Statement filed on January 19, 2006.

**[BEGIN HERE???]**

10.  On or about June 17, 2005, Defendant submitted a quote to Plaintiff to supply Plaintiff with a General Electric 1500 HP/900 RPM/4000V Motor ("Motor").  The price Defendant quoted Plaintiff for the production of the Motor was $69,050.00.

11.  On or about June 20, 2005, Plaintiff submitted a purchase order to Defendant ("Purchase Order") for the Motor with a revised cost of $67,450.00.

12.  On or about June 20, 2005, Defendant submitted invoice no. H1236-62005 ("Invoice") to Plaintiff for the manufacture, labor, and shipping of the Motor.  The total amount of the invoice was $67,450.00.

13.  Plaintiff submitted to Defendant an initial down payment of $23,025.00, paid by check no. 23723, with its Purchase Order.

14.  Defendant provided Plaintiff with a warranty ("Warranty") that the Motor would be free of defects in material and workmanship for a period of one (1) year.

15.  Upon delivery, the Motor was installed by HECO.  However, the Motor failed as soon as power was applied to it.

16.  The Motor was removed and Plaintiff performed an inspection pursuant to which Plaintiff discovered that the Motor was defective.  Furthermore, Plaintiff discovered that Motor did not meet the parameters Plaintiff had provided to Defendant.

17.  Plaintiff presented Defendant with the results of the inspection, including the Motor's material defects.  Demand was made by Plaintiff upon Defendant

to remedy the defects in the Motor.  However, Defendant failed an/or refused to respond.

    18.  As a result of Defendant's failure and/or refusal to remedy the defects in the Motor, Plaintiff was required to purchase a replacement motor for the one that failed.  HECO also backcharged Plaintiff the cost of shipping the defective Motor which was a cost HECO had originally to pick up.  The amount of the backcharge to Plaintiff was $20,500.00.

    19.  Plaintiff also incurred $3,000.00 in costs to transport the defective Motor from HECO to Plaintiff, and for the disassembly, inspection, and testing of the defective Motor.

    20.  The total costs sought to be recovered by Plaintiff in connection with the defective Motor and its replacement is $46,525.00.

    21.  Defendant breached the contract by failing and/or refusing to provide Plaintiff with the Motor free of defects, and is liable to Plaintiff for damages resulting therefrom.

22. Defendant breached the implied covenant of good faith and fair dealing, and is liable to Plaintiff for damages resulting therefrom.

23. Defendant breached the express warranties and implied warranty of fitness for a particular purpose, and is liable to Plaintiff for damages resulting therefrom.

24. Defendant is liable to Plaintiff for negligent misrepresentation, and is liable to Plaintiff for damages resulting therefrom.

25. Plaintiff is entitled to rescission, and Defendant is liable to Plaintiff fo damages resulting therefrom.

26. Defendant owes Plaintiff a total of $46,524.00 in damages.

27. Pursuant to Section 607-14, Hawaii Revised Statutes, Plaintiff may be entitled to recover its reasonable attorneys' fees up to twenty-five percent (25%) of the judgment.

28. Plaintiff is awarded attorneys' fees in the amount of $3,538.52.

29.  Plaintiff is hereby awarded costs in the amount of $421.50.

30.  Post-judgement interest is hereby awarded and the statutory rate of ten percent (10%) per annum from the date of entry of this judgment until paid in full.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, September 25, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL 05-00705 SOM-KSC.  HSA ELECTRIC, INC. v. HUNTOC, LLC; FINDINGS AND RECOMMENDATION THAT DEFAULT JUDGMENT BE ENTERED